Verified Civil Complaint

FILED12 JAN'18 1054USDC-ORP

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| Minister Timothy Luther McNair )<br>Plaintiff )<br> )<br>V. )<br> )<br>Equifax, TransUnion, Experian, )<br>Defendant(s) )<br> )<br> )<br> )<br> )<br> ) | Case No. 2:18-CV-86-SB<br><br>Verified<br>Civil Complaint |

## INTRODUCTION.

This is a Civil Rights Action filed by Minister Timothy Luther McNair, a state prisoner in the state of Oregon for damages and injunctive relief under 42 U.S.C. § 1983 alleging a violation of the "Fair Credit Reporting Act" {FCRA}, and state laws by failing to employ reasonable procedures to assure maximum possible accuracy in the reporting of "Debts Discharged" in a "Chapter Seven" bankruptcy, and or by failing to properly "Investigate" disputes regarding such debts.

## JURISDICTION.

This is a civil action authorized by 42 U.S.C § 1983 to redress the deprivation under the color of state law, of rights secured by the Constitution of the United States of America. The court has jurisdiction under U.S.C. § 1331 & U.S.C. § 1343(a)(3).

## Verified Civil Complaint

The United States District Court for the District of Oregon that the plaintiff is filing this suit in is an appropriate venue under 28 U.S.C. § 1391 (b)(2), because it is where the events giving rise to this claim occurred.

Plaintiff is requesting that this United States District Court exercise supplemental jurisdiction over the tort claims that arise out of the nucleus of this 42 U.S.C § 1983 Civil Rights Complaint under 28 U.S.C. § 1367.

### PARTIES.

**PLAINTIFF,**

(1). Minister Timothy Luther McNair is an inmate at Snake River Correctional Institution, 777 Stanton Blvd, Ontario, Or 97914.

**DEFENDANT(S),**

(1). Equifax, a Credit Reporting Agency, at 1550 Peach Tree St. NW, Atlanta, GA, 30309.

(2). TransUnion, a Credit Reporting Agency, at P.O. Box 105281, Atlanta, GA 30348.

(3). Experian, a Credit Reporting Agency, at 475 Anton Blvd, Costa Mesa, CA 92626

(4). Homeward Residential, a Mortgage Lender, at P.O. Box 631730, Irving, TX 75063.

### FACTS.

In California 2003, the Plaintiff Minister Timothy Luther McNair filed a Chapter 7 Bankruptcy, and was discharged in California 2004.

On or about March 01 2005. Homeward Residential approved Plaintiff's Residential Home Loan, and received Plaintiffs signed and executed residential home loan documents on or about March 30, 2005.

## Verified Civil Complaint

On or about June 1, 2009 the Plaintiff learned that the Credit Reporting Agencies {CRA's} were inaccurately reporting his Homeward Residential account as late on his credit reports. Plaintiff notified Homeward Residential and the CRA's Equifax, Experian, and TransUnion, of their inaccurate reporting. The CRA's after their investigations nade their corrections. It was only after receiving his credit reports in September 2016 that the Plaintiff seen that the Howeward Residential account was still inaccurate, and not showing that the Plaintiff's payments to Homeward Residential were never late from March 2005 thru April 2011, and or 67 mortgage payments of $1950.00 {Nineteen Hundred Fifty Dollars}, and that Homeward Residential should have been the only trade line being reported on his credit report, because he was preparing himself to acquire a property for his youth organization, Golden Opportunity Youth Association {G.O.Y.A.}. Those items are as follows:

**(1).** Homeward Residential {After correction should be}
P.O. Box 631730
Irving, TX 75063
Partial Acct No: 647001566
High Balance: $407,200.00
Date Opened: March 2005.
Date Closed: April 2011. Balance 0.00.
Never Late. Paid As Agreed.

**(2).** Great Lakes Higher Education
P.O. Box 7860
Madison, WI 53707
Partial Acct No: 216613568779
Balance: $50, 830 {Fifty Thousand Eight Hundred Thirty}
Date Opened: July 2010
Date Closed: October 2017
Education Loan.
**{Forgiven by Federal Government. Due to Everest College CLOSING. A Corinthian College affiliate.}**

**(3).** Great Lakes Higher Education
P.O. Box 7860
Madison, WI 53707
Partial Acct No: 216613568774
Balance: $12,789

## Verified Civil Complaint

Date Opened: November 2009.
Date closed: October 2017
Education Loan.
**{Forgiven by Federal Government. Due to Everest College CLOSING. A Corinthian College affiliate.}**

(4). Metro Area Collections
3200 SE Maple St.
Milwaukie, Or 97287
Partial Acct No: 4265741
Original Creditor: East Portland Neurology
Balance: $77
Date Opened: December 2013.
**{Not Mine Please Remove}**

(5). ERC
P.O. Box 57547
Jacksonville, FL 32241
Partial Acct No: 153722993
Original Creditor: TMobile.
Date Opened: December 2013
**{Not Mine Please Remove}**

(6). Credit Systems International
1277 Country club Lane
Fort Worth, TX 76112
Partial Acct No: 104401574
Balance: $1371
Date Opened: August 2010
Original Creditor: Medstar
**{Not Mine Please Remove}**

(7). CSO Financial Inc.
P.O. Box 1666
Roseburg, Or 97470
Partial Acct No: 1414502
Balance: $850
Date Opened: August 2015.
Original Creditor: Tensegrity Physical Therapy.
**{Not Mine Please Remove}**

(8). Sacramento County Rec.
600 8th St
Sacramento, CA 95814
Identification No: SQ 200810030822
Date Filed: October 2008
Balance: $1581

## Verified Civil Complaint

**{Not Mine Please Remove}**

**(9).** Quick Collection
P.O. Box 55457
Portland, Or 97238
Acct No: 891621
Balance: $504
**{Not Mine Please Remove}**

The "Mental Anguish and the Emotional Distress" has been detrimental to the Plaintiff's demeanor, because of the issues on his "Credit report" he could not move forward owith helping to purchase a property for his youth organization G.O.Y.A., and as a result of the "Mental Anguish and Emotional Distress" those issues have caused an interference with Plaintiffs "Normal and Usual" activities as the President of G.O.Y.A. By not being able to secure the facilities needed to handle the growth of the organizations food bank, and administrative needs, and should therefore **pursuant to Guimond v. TransUnion Credit Info Co 45 F3d 1329. 1333 (9th Cir 1995),** satisfy whatever elements necessary to validate seeking the relief requested in the case herein.

Unlike running a background check on the Plaintiff. When he filed his "Bankruptcy" and reestablished his "Perfect" credit, his background did make a difference to his creditors. His reputation on paper as a sound credit worthy, member of society matters a great deal to the Plaintiff. Especially when mistakes are made and his perfect, credit worthy, position is compromised, by Equifax, Experian, and TransUnion, when fraudulent, misinterpreted, defamatory information is placed upon a "Credit Profile" that the Plaintiff never gave his permission and or consent to be made and shared with, and or sold top a third party. Especially when said 'Defendant(s) have not kept that personal, private, financial information secure. Therefore leaving the Plaintiff with bout's with anxiety from the thoughts of when will his

### Verified Civil Complaint

"Perfect Credit" be restored, and or when will his personal information be attacked, and or displayed fraudulently thru not fault of his own.

The CEO of Equifax/Richard Smith did not report the data breach that resulted in 143,000,000 credit profiles being taken from Equifax until months later, and was subsequently fired, and upon his departure received a severance package worth $90,000,000 (Ninety Million Dollars). Also Equifax stand to benefit substantially from the data breach with the "Huge" opportunity for Equifax to the tune of $200,000,000 (Two Hundred Million Dollars) through an affiliate that they offer credit monitoring through.

### **CLAIMS.**

*(1).* The Defendant(s) Experian, Equifax, TransUnion (TU, EX, EQ), and Home Residential (HR), are in violation of the Fair Credit reporting Act (15 U.S.C. § 1681s- 2 (b).

*(2).* The Defendant(s) reporting inaccurate, misleading information is a violation of FCRA pursuant to 15 U.S.C. 1681 e (b) see *"Cisneros v. U.D. Registry Inc. 39 Cal App 4th 548, Cal Rptr 2d 233 (Ct App 1995)"(The Court concluded that a report violates these statutes when it is misleading or incomplete even if it is technically accurate.)*

*(3).* The Defendant(s) invading or interfering by some form of investigation or examination into the Plaintiff's "Private", "Confidential", and or "Secret Concerns" that to an ordinary reasonable person would be highly offensive, is a violation of Plaintiff's "Right of Privacy", and a "Tort Claim of Negligence" and "Intentional infliction of Mental and Emotional Distress", under the laws of the state of Oregon, pursuant to *"Helton 191 F Supp 2d at 181" accord " Hill v. McKinley 311 F3d at 906".*

## Verified Civil Complaint

*(4).* The defendant(s) TU, EX, EQ, and HR, failed to conduct a reasonable investigation of the disputes submitted by the Plaintiff, a violation of 15 U.S.C. § 1681 2(b).

*(5).* The defendant(s) HR, failed to provide Plaintiff duties owed him by persons or entities that furnish information to Credit Reporting Agency's (CRA's) pursuant to *"15 U.S.C. § 1681 2(b)(1)(A)(E), or subsection (a) of the same provision tha confers a more general duty to provide accurate information. See "Gorman v. Wolpoff & Abramson LLP 584 F3d 1147, 1154-55 (9th Cir 2009).*

*(6).* The defendant(s) TU, EX, EQ, HR, **under FCRA are liable for the "Mental and Emotional Distress" experienced by Plaintiff caused by and or from the potential "Denial of Credit" and the transmission of "Erroneous" information to third parties,** though not required to state a claim, pursuant to *"Guimond v. TransUnion Credit Info Co. 45 F3d 1327. 1333 (9th cir 1995).*

*(7).* The defendant(s) TU, EX, EQ, HR's willful failure to comply with the *FCRA,* which provides that any person who willfully fails to comply with any *FCRA* requirement is liable in an amount equal to the sum of such an amount of *"Punitive Damages"* as the Court may allow under *15 U.S.C. § 1681 (a)(2).* The reckless disregard of a requirement of *FCRA* qualifies as a willful violation authorizing *"Punitive Damages"* pursuant to *Safeco Ins Co of Am v. Burr 551 U.S. 47, 71, 127, S Ct. 2201, 167 L ED 2d 1045 (2007).*

*(8).* The defendant(s) TU, EX, EQ, HR, by not protecting the Plaintiff's *"Private Credit Information"* are in violation of his *"Right to Privacy"* with the misrepresentation of the Plaintiff in a *"False Light in the Public or Corporate Eye",* is a Constitutional violation of the Federal Privacy Act, pursuant *to (5 USCS § 552a).*

## Verified Civil Complaint

*(9).* The defendant(s) TU, EX, EQ, HR, by not protecting the Plaintiff's ***"Private Credit Information"*** by not reporting and or assuring that the credit information reported is correct and or current, are in violation of the "Tort of Defamation" for their being libel for the written information that they display to ***"Corporate America.***

*(10).* The defendant(s) TU, EX, EQ, HR, by depriving the Plaintiff of his perfect "Credit Profile" is a "Deprivation" for "Due Process" purposes, pursuant to the substantive due process clauses of the 5th & 14th Amendment to the United States Constitution.

### RELIEF REQUESTED

WHEREFORE, Plaintiff request that the Court grant the following relief:

### A. Issue a declaratory judgment stating that:

(1). The defendant(s) TU, EX, EQ, HR, were in violation of the FCRA.

(2). The defendant(s) TU, EX, EQ, HR, were guilty of Negligence.

(3). The defendant(s) TU, EX, EQ, HR, invaded the Plaintiffs privacy and reported wrong, and defamatory credit information on Plaintiffs credit profile.

(4). The defendant(s) TU, EX, EQ, HR, caused the plaintiff unnecessary "Emotional and Mental Distress".

(5). The defendant(s) TU, EX, EQ, HR, failed to display the 69 (Sixty Nine) payments of $2375.00 (Twenty Three Hundred Seventy Five Dollars), and was paid as agreed.

(6). The defendant(s) TU, EX, EQ, HR, were guilty of the "Oregon State Tort Claim of "Negligence".

## Verified Civil Complaint

(7). The defendant(s) TU, EX, EQ, HR, were guilty of the "Oregon State Tort Claim of Defamation".

## B. Issue an injunction ordering defendant(s) TU, EX, EQ, HR and or their agents to:

1. **Report on Plaintiffs Credit Profile:** Homeward Residential (Mortgage) *"Paid as Agreed"* for the *68 (Sixty Eight)* payments of *$2375.00 (Twenty Three Hundred Seventy Five dollars)* until closed in *April 2011*.

2. **Report of Plaintiff's Credit Profile that;** "Great Lakes Higher Education: Partial Acct No: 216613568779, and Partial Acct No: 216613568774, have been Forgiven by Federal Government. Due to Everest College CLOSING. A Corinthian College affiliate.

3. **Remove from Plaintiffs Credit Profile;**

A. Metro Area Collections-Partial Acct No: 4265741

B. ERC-Partial Acct No: 153722993

   C. Credit Systems International-Partial Acct No: 104401574

D. CSO Financial Inc- Partial Acct No: 1414502

E. Sacramento County Rec.-Identification No: SQ200810030822

F. Quick Collection-Acct No: 891621

## C. Pay Compensatory Damages in the following amounts:

(1). $400,000 (Four Hundred Thousand Dollars) jointly and severally against Experian, Equifax, and TransUnion.

## Verified Civil Complaint

### D. Pay Punitve Damages in the following amounts:

(1). $4,000,000 (Four Million Dollars) jointly and severally against the defendants, Experian, Equifax, and TransUnion.

### E. Pay any and all other compensation that the Court deems feasible in this case.

### VERIFICATION.

I have read the foregoing complaint and hereby verify that the matters alleged therein are true to the best of my knowledge and belief. I certify under the penalty of perjury that the foregoing is true and correct.

Executed on this 9th day of  January , 2018 .

Respectfully Submitted,

_____
(Signature)
Minister Timothy Luther McNair
Sid # 05900593
777 Stanton Blvd
Ontario, Or 97914-0595