IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MINISTER TIMOTHY LUTHER McNAIR, | Case No. 2:18-cv-00086-SB |
| Plaintiff, | **ORDER** |
| v. | |
| EQUIFAX, TRANSUNION, EXPERIAN, | |
| Defendants. | |

HERNÁNDEZ, District Judge:

Plaintiff, an inmate at the Oregon State Correctional Institution, brings this proceeding against several credit reporting agencies, alleging that they violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, the Privacy Act, 5 U.S.C. § 552a, the U.S. Constitution, and Oregon law by failing to correct false information on Plaintiff's credit reports. Pl.'s Compl. (ECF No. 1) at 6-8. Currently before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2). For the reasons set forth below, this Court orders Plaintiff to demonstrate in writing why his Application should not be denied pursuant to 28 U.S.C. § 1915(g).

///

1 - ORDER

## DISCUSSION

Generally, a person may proceed *in forma pauperis* if he is unable to pay the filing fee. *Richey v. Dahne*, 807 F.3d 1202, 1205-06 (9th Cir. 2015) (*citing* 28 U.S.C. § 1915(a)(1)). However, a prisoner is barred from proceeding *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim . . ., unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). When a court provides a prisoner notice of the potential application of § 1915(g), the prisoner bears the burden of persuading the court that the three-strikes provision does not apply. *Id.* at 1206; *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

While incarcerated, Plaintiff has had the following two actions dismissed by this Court for failure to state a claim, and one appeal dismissed by the U.S. Court of Appeals for the Ninth Circuit as frivolous: (1) *McNair v. Adventist Med. Ctr. Portland*, 2:16-cv-00259-SB; (2) *McNair v. Cain*, 2:17-cv-00113-SB;[1] and (3) *McNair v. Trump*, Ninth Circuit Case No. 17-35486.[2] Accordingly, Plaintiff may not proceed *in forma pauperis* unless his Complaint contains a plausible allegation that

---

[1] Although this Court's dismissal of *McNair v. Cain* currently is on appeal to the Ninth Circuit (Case No. 17-35834), it counts as a strike. *See Coleman v. Tollefson*, 135 S.Ct. 1759, 1763-64 (2015) (holding that district court's dismissal of case for failure to state a claim counts as a strike even if the dismissal is the subject of an appeal).

[2] In addition to the cases which constitute strikes, Plaintiff has filed six cases that are currently pending before this Court (*McNair v. Oregon*, 2:16-cv-00709-SB, *McNair v. Oregon*, 2:16-cv-00871-SB, *McNair v. Rossi*, 2:17-cv-00116-SB, *McNair v. Kaiser Permanente Hosp.*, 3:17-cv-00887-SB, *McNair v. Darby*, 2:18-cv-00272-SB, and *McNair v. Comm'r of Soc. Sec. Admin.*, 6:18-cv-00384-YY). This Court previously dismissed two cases for lack of jurisdiction (*McNair v. Trump*, 2:17-cv-01516-SB and *McNair v. Trump*, 3:17-cv-00168-SB) and dismissed one case as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) (*McNair v. Roberts*, 2:16-cv-00235-SB).

2 - ORDER

he is "under imminent danger of serious physical injury." *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (requiring a "plausible allegation" of imminent danger of serious physical injury in order to trigger the § 1915(g) exception).

In the instant proceeding, Plaintiff alleges that Defendants failed to correct false statements in credit reports that Plaintiff made late payments on his home loan. Pl.'s Compl at 2-3. Plaintiff alleges that as a result of the inaccurate reporting, he suffered "bouts of anxiety," as well as mental anguish and emotional distress that "has been detrimental to [his] demeanor." *Id.* at 5. These allegations do not constitute a plausible allegation of imminent danger of serious physical injury so as to trigger the § 1915(g) exception. Accordingly, this Court concludes that Plaintiff is prohibited from proceeding *in forma pauperis*. This Court shall give Plaintiff the opportunity to demonstrate that § 1915(g) does not preclude him from proceeding *in forma pauperis*.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff shall demonstrate in writing, within thirty days from the date of this Order, why he is not precluded under § 1915(g) from proceeding *in forma pauperis*. In the alternative, he may submit the $400.00 filing fee. Plaintiff is advised that failure to comply with the directives of this Order shall result in the dismissal of this proceeding for lack of prosecution.

IT IS SO ORDERED.

DATED this 29 day of March, 2018.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

3 - ORDER